■ HENRY & JOHN ASSOCIATES, Respondent, v MILTON PALAN, Defendant, and CONTINENTAL INSURANCE COMPANY, Appellant.—In an action, *inter alia,* to recover damages for breach of an insurance policy, the defendant Continental Insurance Company appeals from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated September 5, 1990, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as it is asserted against Continental Insurance Company, and the action against the remaining defendant is severed.

The plaintiff insured was covered by a "Builder's Risk" policy issued by the defendant Continental Insurance Company (hereinafter the carrier). The policy covered construction

of an eight-story condominium building, and contained an exclusion for damages to "[e]xisting property to which alterations or additions are being made". During the course of construction, an existing building was damaged, and the insured submitted a claim to the carrier. The carrier denied coverage, asserting that the damaged building was being renovated and that, therefore, the exclusion applied.

The insured subsequently commenced this action, alleging that its loss was covered by its policy with the carrier, and that the carrier breached the policy by denying coverage. Relying upon the language of the exclusion, the carrier cross-moved for summary judgment. In response to the cross motion, the insured argued that the exclusion did not apply because the existing property was not being altered or added to, but, rather, was being razed.

The Supreme Court denied the insured's motion for summary judgment, finding that an ambiguity existed as to whether the policy covered an existing building that was to be razed. We now reverse.

The insured's bill of particulars states that "the damaged properties were built some 30 years prior to the accident herein described", and that the "new construction included an eight-story building on top of a prior two-story building—all under construction at the time of the accident". Accordingly, the insured's own admissions make it clear that the damaged property was not being razed, but was being altered or added to. Moreover, we note that the insured seeks to be reimbursed for damages to a building that it now asserts (in contrast to the bill of particulars) was not to be altered, but was to be entirely destroyed. Clearly, if in fact the insured was going to raze that building, it could have no claim for any damages to it.

Accordingly, we find that the insured's claim falls within the policy's exclusion, and that the carrier is entitled to summary judgment dismissing the complaint insofar as it is asserted against it. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.